### SCHWARTZ et al. v. GOLDBERG.
### SAME v. KLEIN et al.
### Nos. 4851, 4852.

Circuit Court of Appeals, Third Circuit.

Aug. 11, 1932.

Harry Lane and Robert Carey, both of Jersey City, N. J., for appellants.

Sidney Lipstein, of Newark, N. J. (Theodore D. Gottlieb, of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiffs Esther Goldberg and Beatrice Klein, in two actions which were tried together, severally recovered damages for injuries sustained by them while riding in a carriage hired by one Jacobs for himself and the plaintiffs from defendants, who were in the business of renting vehicles to the public. It was contended by the plaintiffs the vehicle was not in good

condition when hired, and that this condition was so improper that in the exercise of such care and inspection as the defendants should have used, they had or should have had knowledge thereof. No principle of law is involved, and the issue of negligence was submitted to the jury in a charge which is not complained of. In fact the present appeal narrows down to whether there was evidence of such a bad condition of the vehicle as constrained the refusal of the defendants' request for binding instructions in their favor.

The members of this court have individually studied the voluminous proofs, and have collectively discussed them, and we are satisfied the trial judge would have committed error had he given the binding instructions for the defendants asked. The case was peculiarly one for a jury to pass upon, and we see no justification for a long and intricate discussion of the testimony of witnesses bearing, among other things, on the alleged faulty condition of the carriage and of the alleged makeshift and careless character of the ways in which it was patched up with hay wires which it is alleged broke, instead of being strengthened with bolts.

Accordingly we limit ourselves to saying we find the proofs justified the submission of the case to the jury, and the judgment based on the verdict which found the defendants at fault is affirmed.